TROUTMAN PEPPER HAMILTON
SANDERS LLP
Ben L. Wagner (Bar No. 243594)
ben.wagner@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  858.509.6000
Facsimile:   858.509.6040

TROUTMAN PEPPER HAMILTON
SANDERS LLP
Ryan A. Lewis (Bar No. 307253)
Ryan.lewis@troutman.com
Alicia Ginsberg (Bar No. 334804)
alicia.ginsberg@troutman.com
Three Embarcadero Center, #800
San Francisco, CA  94111
Telephone:  415.477.5700
Facsimile:   415.477.5710

Attorneys for Plaintiff
JASON BEGIN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| JASON BEGIN, | Case No. **'23CV991   AGS BLM** |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| SINGING SERPENT INC., AMERICAN HONDA MOTOR CO., INC. D/B/A ACURA | [JURY TRIAL DEMANDED] |
| Defendants. | |

COMES NOW the Plaintiff, Jason Begin ("Plaintiff" or "Mr. Begin"), by counsel, and as for his Complaint against the Defendants Singing Serpent, Inc. and American Honda Motors Co. d/b/a/ Acura (collectively referred to as "Defendants"), Plaintiff alleges as follows:

COMPLAINT

154372351

# PRELIMINARY STATEMENT

1.  Singing Serpent sold Plaintiff's Are3 song to Acura as its own, but the song belonged to Mr. Begin and neither Defendant had permission express or implied from Plaintiff to release an Acura commercial with the song.

2.  The result was a series of commercials on Acura's all new Next-Gen Integra with Plaintiff's Are3 song copied and used whole cloth as essentially the sole sound driving the energy and power of the commercial, ad spots designed to drive consumers (literally) to the dealership to reserve and buy their own Integra, which they did as a result in droves. An example of the infringement is available at: https://www.youtube.com/watch?v=6yk0a4t1ePI.

3.  Through over 270 million impressions, the infringing commercials drove an estimated tens of millions of dollars in profits to Acura, with Singing Serpent securing for itself future work in addition to being paid for Plaintiff's song.

4.  Mr. Begin attempted from the outset to find a resolution that avoided litigation, Singing Serpent has staunchly refused to right this incredibly wrong situation, Defendants continued to allow the commercials to air hundreds of times for months after Plaintiff's initial notice, and (despite Singing Serpent claiming the commercial was done airing) the commercial aired hundreds more times in the months following the demand letter from counsel for Plaintiff. Thus, this lawsuit inevitably follows.

# PARTIES

5.  Plaintiff Jason Begin is a New Mexico resident with his principal place of business in Lac Cruces, New Mexico. Mr. Begin owns and controls all rights in the infringed copyrighted works.

6.  Defendant Singing Serpent Studios is a California corporation having a principal place of business of 4193 Adams Avenue, San Diego CA 92116.

7. Defendant American Honda Motors, Inc. d/b/a Acura is a California corporation having a principal place of business on information and belief at 1919 Torrance Blvd., Torrance, CA 90501.

8. If and to the extent it is determined that any portion of the infringement was carried out by third parties, or by one the Defendants and not the other, each Defendant is vicariously and contributorily responsible for the infringement of the other, as well as for those downstream infringements such as the aired commercials, YouTube viewings, and uses by dealerships and other related affiliates. Acura had the right and ability at all times to supervise and control the infringing airings of the commercials and online placements of the commercials by these third parties, for example, and even after demand had been made to Defendants, Acura continued to allow and did not revoke permissions of those downstream users and affiliates to air and continue posting those commercials. The infringing uses by these third parties and each defendant drove substantial U.S. viewership of the Infringing Works (defined below), and substantial resulting sales revenue to Acura for the vehicle sales and resulting service revenues in the United States. Further, both Defendants collectively designed the commercials that constitute the Infringing Works, materially contributing to, having reason to know of and participating in, the infringement of the Infringed Works (defined below).

## JURISDICTION

9. This action arises under Federal law, the provisions of the Copyright Act, as amended, 17 U.S.C. §§ 501 et seq.

10. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright) because this action arises under the copyright laws of the United States.

11. This Court has personal jurisdiction over Defendants because they have extensive minimum contacts with the State of California, both are incorporated in California and have their headquarters in California, and sell millions (and in Acura's

- 3 -
COMPLAINT

case, billions) of dollars of goods in the United States, including the cars advertised by the infringing commercials. Defendants have purposefully availed themselves of the privileges and laws of California, directing promotional and marketing efforts for products and services to California.

12. Venue is proper in this judicial district under 28 U.S.C § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district, including Singing Serpent's acts of infringement and transmission of the infringing copies used by Acura, and Singing Serpent resides and is headquartered in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, their repeated availment and direction of their activities toward this district.

## GENERAL ALLEGATIONS

13. Mr. Begin is an accomplished musical artist, songwriter and producer with decades of experience. His songs have appeared in materials published by countless household names, such as Subaru, Harley-Davidson, Teenage Mutant Ninja Turtles (Nickelodeon), Google, eBay, Cadillac, Cosmopolitan and Adidas.

14. Singing Serpent is a music studio that provides what it claims to be *original* music and sound design for commercial advertisements.

15. On information and belief, when Acura was preparing to launch its Next-Gen 2023 Acura Integra, it approached Singing Serpent about providing music for at least one launch commercial. The commercial was intended to drive interest (including generating a reservation list at the national and local dealer level), create a buzz, and make sure that sales matched the hype when cars hit the dealer lots in mid-2022.

16. Singing Serpent was having serious difficulties creating its own sound to meet Acura's requirements. Singing Serpent surveyed the marketplace and discovered that Jason Begin had a song that was essentially spot on, produced under

his musician name Vytear and named Are3 many years earlier. Plaintiff created and recorded the song and owns all rights title and interest to the copyrights.

17. Mr. Begin made subsequent derivative versions of the song which made certain changes to update its sound, and registered the group of derivative works as "Vytear Are3_V2 and 2 Other Unpublished Works," Copyright Reg. No. SRu 1-498-999 ("Registered Are3 Song" or "Infringed Works") with an effective date of registration of March 30, 2022 and a creation date of these derivative works prior to Defendants' infringement. Plaintiff is the sole author of the sound recordings and musical works. A true and correct copy of the registration is attached as Exhibit A hereto.

18. Singing Serpent obtained copies of the Registered Are3 Song and provided those copies to Acura, on information and belief wrongfully agreeing to transfer ownership of the songs to Acura, ownership which Singing Serpent at no time had and which cloud on title interferes with potential future uses by Plaintiff.

19. Acura launched at least two TV commercials using entire copies, or virtually-identical copies without any meaningful alteration of the Are 3 Song, including at least a 30-second TV commercial (Ad Code ACURAU-20897) and, after months of the 30-second commercial airing, a 15-second TV commercial (Ad Code ACURAU-20968), both introducing the Next-Gen Integra T1, and both of which aired on both TV and YouTube. On information and belief, there are other Ad Codes for other versions of these ads that likewise use the Registered Are3 Song (collectively "Infringing Works").

20. Mr. Begin discovered the first of these commercials on March 10, 2022, as the 30-second commercial began airing on or around that same day. The Registered Are3 Song is the only audio for the entirety of the commercials, and is loud and prominent. It drives the commercial forward and creates the energy and excitement that Acura knew would compel its audience's attention and interest, leading to a successful launch and sales momentum. Sales depended on this commercial, not just

the initial sales of the Next Gen's first new model year, but for follow-on sales of the Next Gen Integra that would come from the normal 7-8 year lifespan of that body and car style.

21. Mr. Begin immediately (e.g. the same day) contacted Singing Serpent to notify them they had used his song in the Acura commercial without approval or agreement, and these were infringing uses.

22. Thereafter, Mr. Begin rejected repeated attempts by Singing Serpent to cast him aside and offer 'peanuts' to buy rights after-the-fact to his incredibly powerful Registered Are3 Song.

23. Mr. Begin did spend the next many months attempting to reach an informal resolution with Singing Serpent for this massive infringement, and acted incredibly reasonable at all times, but after going through two law firms representing Singing Serpent, Mr. Begin has gotten nowhere. Mr. Begin's counsel repeatedly communicated with Singing Serpent's counsel, but again to no avail.

24. Acura's Infringing Works, including the 30 and 15 second commercials, were a massive part of Acura's launch plan and designed to drive sales. According to iSpot.tv, an aggregator of TV advertisement data, even as of June 22, 2022, the 30-second spot had TV impressions of at least 204.1 million and the 15-second spot (whose launch on information and belief was much later in May) had already amassed 72 million impressions. Impressions are essentially the number of times someone has been presented with an advertisement. The 30-second spot had already incurred $8 million in advertising spend, including on TBS during the 2022 NCAA Men's Basketball Tournament, a spend that would not be made by the sophisticated Acura unless it was sure it could recoup at least that much in profits off of resulting sales. And the commercials aired on YouTube as well, where they amassed over 158,000 additional views, providing a link at the bottom of the video to "Reserve yours now": https://www.youtube.com/watch?v=6yk0a4t1ePI.

25. Despite Singing Serpent claiming that the ads had stopped airing, the airings continued, amassing a combined total of nearly 387 ad runs, with run dates up to at least August 30, 2022 (at which point there had been at least 121 more ad runs than there were as of June 22, 2022).

26. Based on preliminary estimates using impressions only as of August 22, 2022, Acura's profits on sales converted from the infringing TV and YouTube commercials' impressions translate to tens of millions of dollars in profit for Acura directly from this copyright infringement.

**FIRST COUNT**
**COPYRIGHT INFRINGEMENT**
**(ALL DEFENDANTS)**

27. Plaintiff repeats and re-alleges all allegations in this Complaint as if fully set forth herein.

28. Plaintiff is the legal and beneficial owner of the United States copyright in all rights, titles, and interests in the Infringed Works. At all relevant times, Plaintiff has owned the Infringed Works and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106.

29. The Infringed Works are duly registered with the U.S. Copyright Office and are original works of authorship and constitute copyrightable subject matter as defined by 17 U.S.C. § 102.

30. Defendants willfully exploited the Infringed Works in at least the Infringing Works, including the TV and YouTube commercials, which include whole cloth copies of the Infringed Works. On information and belief, the Infringing Works use exact copies of Vytear Are3_V2c (the second of the Infringed Works, see Exhibit A).

31. Defendants, their affiliates, subsidiaries, and/or parent companies at all times knowingly exploited the Infringing Works without Plaintiff's authorization to do so.

32. Defendants' unauthorized reproduction, distribution, public performance, synchronization, and display of the Infringed Works infringes Plaintiff's exclusive rights in violation of 17 U.S.C. § 101, *et seq*.

33. At all relevant times, Defendants' conduct has been willful, and with total disregard for Plaintiff's rights.

34. Plaintiff has been irreparably harmed and suffered actual damages, including lost profits, sales and licensing fees, as a direct result of Defendants' infringing conduct.

35. Plaintiff is entitled to damages, as well as Defendants' profits pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial, which are based on what currently are estimated in the tens of millions of dollars of direct and indirect sales causally linked to the Infringing Works.

36. Plaintiff is entitled to the maximum amount of statutory damages for willful copyright infringement of each Infringed Work, which upon information and belief, is not less than $150,000.

37. Plaintiff has incurred attorneys' fees and costs as a direct result of Defendants' infringement, which are recoverable pursuant to 17 U.S.C. § 505.

38. Defendants' conduct has caused great damage to Plaintiff, which damages cannot be accurately measured in monetary terms, and therefore, unless enjoined by the Court, Plaintiff will suffer irreparable injury, for which Plaintiff is without adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

1. A judgment in favor of Jason Begin and against Defendants on all counts;

2. A declaration and finding that Defendants have infringed Plaintiff's Copyrights in violation of the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

3. A declaration and finding that Defendants' infringement of Plaintiff's Infringed Works was knowing, willful, and with complete disregard of Plaintiff's rights;

4. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and Defendants' profits in an amount to be proven at trial, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c) per infringed work of not less than $150,000;

5. A preliminary and permanent injunction from copyright infringement by Defendants, related third parties and affiliates;

6. Pre-judgment interest at the legally allowable rate on all amounts owed;

7. Costs and expenses;

8. Attorney's fees and other fees under 17 U.S.C. § 505 and other applicable laws; and

9. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:    May 30, 2023            Respectfully Submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: s/*Ben L. Wagner*
Ben L. Wagner
Ryan A. Lewis
Alicia Ginsberg
Attorneys for Plaintiff
JASON BEGIN

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*
United States Register of Copyrights and Director

**Registration Number**
# SRu 1-498-999

**Effective Date of Registration:**
March 30, 2022
**Registration Decision Date:**
March 30, 2022



## Copyright Registration for a Group of Unpublished Works
Registration issued pursuant to 37 C.F.R. § 202.4(c)

### Title

**Title of Group:** Vytear Are3_V2 and 2 Other Unpublished Works

**Content Title:** Vytear Are3_V2
Vytear Are3_V2c
Vytear Are3_V2i_noFinger

### Completion/Publication

**Year of Completion:** 2022

### Author

- **Author:** Jason Daniel Begin
  **Author Created:** Sound Recordings and Musical Works (with or without lyrics)
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1976

### Copyright Claimant

**Copyright Claimant:** Jason Daniel Begin
4344 Sandalwood dr., Las Cruces, NM, 88011, United States

### Rights and Permissions

**Name:** Jason Daniel Begin
**Email:** jbegin76@gmail.com
**Telephone:** (215)901-7996
**Address:** 4344 Sandalwood dr.

Page 1 of 2